UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DIGITAS, INC., <br> *Plaintiff* <br><br> v. <br><br> THE ART INSTITUTE OF AUSTIN AII, LLC, ART INSTITUTE OF HOUSTON, LLC, ART INSTITUTE OF SAN ANTONIO AII, LLC, <br> *Defendants* | § § § § § § § § § § § § No. A-21-CV-00958-RP |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE ROBERT PITMAN
     UNITED STATES DISTRICT JUDGE

Before the Court is Defendants Art Institute of Houston, LLC, Art Institute of San Antonio Aii, LLC, The Art Institute of Austin Aii, LLC's motion to dismiss ("Defendants"), Dkt. 15; and all related briefing. After reviewing these filings and the relevant case law, the undersigned issues the following report and recommendation.

## I. BACKGROUND

This is a quantum meruit case arising from Plaintiff Digitas Inc.'s provision of media and advertising services between October 2018 and January 2019, allegedly to the benefit of Defendants. Dkt. 11, at 2-3, 4-5. Digitas alleges that its provision of such services "arose in connection with a certain Advertising Master Services

1

Agreement[1] dated August 10, 2014," which Digitas entered into with the predecessor in interest to Defendants' parent company. *Id.* at 2-3. The Master Services Agreement indicates that Digitas agreed to provide Education Management, LLC with media and advertising services for a period of 24 months in exchange for payment on a monthly basis. Dkt. 15-1, at 6, 24. Digitas alleges that this agreement was extended, and later assigned to Defendants' current parent company, The Arts Institutes International, LLC. Dkt. 1, at 3; Dkt. 15, at 1-2.

Digitas alleges that Defendants were the "intended third party beneficiaries" of the services agreement, and "had notice that" Digitas provided such services "with the expectation that [Digitas] would be paid for the services." Dkt. 1, at 3. Between October 2018 and January 2019, however, Digitas alleges it was not paid for the media and advertising services it provided "for the benefit of Defendants." *Id.* Digitas brings one claim of quantum meruit against Defendants, seeking the money it is owed for the value of the media and advertising services it provided during this timeframe. *Id.* at 4-5. Defendants moved to dismiss Digitas' complaint for failure to state a claim. Dkt. 15. The undersigned will address Defendants' arguments for dismissal below.

## II.    LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a

---

[1] Defendants attached a copy of the Master Services Agreement to their motion to dismiss, which the undersigned may consider in resolving the motion since it is referenced in Digitas' complaint. Dkt. 15-1, at 5-34; *The Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (in resolving motion to dismiss, court may consider "documents attached to the motion to dismiss that are central to the claim and referenced by the complaint")

12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her

3

claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### III.   DISCUSSION

Defendants offer various bases for dismissal of Digitas' complaint under Rule 12(b)(6), arguing as a threshold matter that because a "valid and express contract" governs the provision of services for which Digitas seeks compensation, Digitas may not bring a quantum meruit claim against Defendants, and instead must bring a breach of contract claim against the counterparty to the Master Services Agreement. Dkt. 15, at 10. Digitas responds that the "legal concept Defendants seek to advance is better understood as one about election of remedies," arguing that its quantum meruit claim against Defendants is "entirely appropriate here" as an alternative to a breach of contract claim. Dkt. 18, at 7-8 (citing *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 740 (Tex. 2005)).

Generally, under Texas law "a plaintiff who seeks to recover the reasonable value of services rendered or materials supplied will be permitted to recover in quantum meruit only when there is no express contract covering those services or materials." *Truly v. Austin*, 744 S.W.2d 934, 936 (Tex. 1988). The parties, however, disagree as to whether this rule applies to this case. Digitas cites *Knebel* for the

4

proposition that the existence of a contract addressing the services at issue in the lawsuit does not preclude recovery from a third party under equitable principles. Dkt. 18, at 8 (citing *Knebel v. Cap. Nat. Bank in Austin*, 518 S.W.2d 795, 800 (Tex. 1974)). In *Knebel*, the Texas Supreme Court stated in dicta that an estate, as client and party to a contract with an attorney, could recover attorney's fees from a beneficiary of those legal services through a quantum meruit action despite the existence of a contract between the estate and its attorney. *Knebel*, 518 S.W.2d at 800 ("Here, the attorneys are not seeking to recover their fees in Quantum meruit from their original clients; the recovery suit is by their clients against beneficiaries of the fund who were not, of course, parties to the contract of employment of the attorneys.").

Yet in *Knebel*, an estate sought contribution from beneficiaries who profited from the legal services, and could not possibly have brought the lawsuit against the counterparty to the legal services agreement, its attorney, for such fees. *Knebel*, 518 S.W.2d at 798-89. Here, in contrast, Digitas has offered no explanation for why it cannot seek recovery against the current counterparty to the master services agreement apart from noting that the "the original contracting party filed for bankruptcy protection while the assignee and its affiliates fell into federal receivership proceedings in Ohio."[2] Dkt. 18, at 8. Digitas makes much of the fact that

---

[2] Though Digitas did not address whether it could legally bring its breach of contract claim against Defendants' parent company in the ongoing federal receivership proceeding in Ohio, it appears that "claims, including breach of contract, could be asserted at the 'winding up' portion of [a receivership] litigation." *Janvey v. Wieselberg*, No. 3:10-CV-1394-N-BG, 2014 WL 3610793, at *2 (N.D. Tex. June 5, 2014), *report and recommendation adopted as modified*, No. 3:10-CV-1394-N, 2014 WL 3643290 (N.D. Tex. July 22, 2014); *see also United States v. Vanguard Inv. Co.*, 6 F.3d 222, 227 (4th Cir. 1993) ("To be cognizable in receivership, claims must ordinarily be timely and either certain or capable of being made certain by recognized

5

Defendants did not attach the subsequent contract assignment or "all of the statements of work, orders, and change" to their motion to dismiss, yet at this stage the Court need only assess whether Digitas' claim arises from services it provided pursuant to the master services agreement—a fact Digitas itself alleges. Dkt. 11, at 2-3; Dkt. 18, at 7-8; *see Caretech Supplies, LLC v. Neuman*, No. W-17-CV-00223-RP, 2018 WL 2996911, at *6 (W.D. Tex. Apr. 18, 2018), *report and recommendation adopted*, No. 6:17-CV-223-RP, 2018 WL 2996905 (W.D. Tex. May 9, 2018) ("under Texas law, an action for quantum meruit is barred when an express contract covers the materials or services provided.").³

As Defendants point out, "no court appears to have interpreted *Knebel* the way that Digitas does," and "countless post-*Knebel* decisions" have held that the express-contract bar "is applicable not only when the plaintiff is seeking to recover in quantum meruit from the party with whom he expressly contracted, but also when the plaintiff is seeking recovery from a third party foreign to the original contract but who benefited from its performance." Dkt. 19, at 5-6 (citing *Iron Mountain Bison Ranch v. Easley Trailer Mfg.*, 42 S.W.3d 149, 160 (Tex. App.—Amarillo 2000, no

---

methods of computation." (internal quotations removed)); *United States v. Cap. Across Am., L.P.*, 369 F. App'x 674, 679 (6th Cir. 2010) (citing *Vanguard* with approval for proposition that "breach of contract claims not reduced to judgment before appointment of § 687c receiver can still be cognizable claims.").

³ Moreover, contrary to Digitas' contention that "the Court should refrain from performing a fact-based inquiry at this time in the context of the Rule 12(b)(6) motion," the determination of "[w]hether an express contract covers the services at issue is a legal question for the court to decide," and Digitas did not allege that it seeks recovery for services outside of the scope of the master services agreement. *See* Dkt. 11; *Caretech*, 2018 WL 2996911, at *6 (citing *Christus Health v. Quality Infusion Care, Inc.*, 359 S.W.3d 719, 724 (Tex. App.—Houston [1st Dist.] 2011, no pet.)).

6

writ)); *see also ConocoPhillips Co. v. Koopmann,* 542 S.W.3d 643, 663–64 (Tex. App. 2016), *aff'd on other grounds*, 547 S.W.3d 858 (Tex. 2018); *Humana, Inc. v. Shrader & Assocs., LLP,* 584 B.R. 658, 687 (S.D. Tex. 2018). Indeed, based on the undersigned's review of the case law, the general consensus among Texas state and federal courts appears to be that "the rule barring unjust enrichment not only applies when a plaintiff seeks to recover from the party with whom [s]he expressly contracted but also applies when a plaintiff seeks to recover from a third party to the contract who benefited from its performance." *See, e.g., ConocoPhillips,* 542 S.W.3d at 663-64, *aff'd on other grounds*, 547 S.W.3d 858; *Pension Advisory Grp., Inc. v. Fidelity Sec. Life Ins. Co.*, No. 13-18-00620-CV, 2020 WL 1181256, at *9 (Tex. App.—Corpus Christi Mar. 12, 2020, no pet.); *Adidas Am. Inc. v. Shoebacca Ltd.*, No. 3:20-CV-03248-N, 2021 WL 4399745, at *4 (N.D. Tex. Sept. 27, 2021) ("courts have applied this bar to quasi-contract recovery even in cases where the contract was not between parties to the lawsuit because a contract sufficiently governed the subject matter of the claims"). Digitas' quantum meruit claim thus falls within the bar, since it is based on services that Digitas itself alleges it provided pursuant to an express contract. Dkt. 11, at 2-3 ("At all times during the existence of the Advertising Agreement, Plaintiff provided or caused to be provided various media and advertising services to and for the benefit of Defendants.").

Moreover, Digitas' claim does not fit within one of the exceptions to the rule barring quantum meruit claims where an express contract addresses the services at issue. Texas courts have acknowledged exceptions to this rule where: (1) a plaintiff

7

partially performs a contract, but the defendant's breach prevented the plaintiff from full performance or the partial performance was not otherwise the fault of the plaintiff; (2) when the contract is unilateral or otherwise unenforceable (such as when it is entered into by an unauthorized agent); and (3) when a plaintiff in a construction contract breaches, she may be able to recover the reasonable value of services (less any damages suffered by the defendant), if the defendant accepts the benefits of that partial performance. *See Truly v. Austin*, 744 S.W.2d 934, 936 (Tex. 1988); *Murray v. Crest Const.*, 900 S.W.2d 342, 345 (Tex. 1995).

Digitas argues that its quantum meruit claim falls within either of the first two exceptions. Dkt. 18, at 9-10. First, it contends that because Digitas partially performed under the master services agreement, and "such partial performance was a direct result of the contract counterparty's (Defendants' ultimate parent's affiliate's) insolvency and failure to perform the balance of its payment obligations," the first exception applies here. Dkt. 18, at 9-10. Yet because Defendants are "not the breaching part[ies]" to the contract, this exception is not apposite here. Dkt. 11, at 2-3; *Pepi Corp. v. Galliford*, 254 S.W.3d 457, 462 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) ("This exception is not available because … [defendant] is not the breaching party.") Digitas also contends that the second exception applies here because Defendants' parent company has "effectively abandoned is obligations to continue performing under the contract … leaving Digitas without a contractual remedy." Dkt. 19, at 10-11. Yet the second exception explicitly applies to "express contracts that [are] unilateral in nature," and Digitas does not allege that the master

8

services agreement was unilateral—indeed the contract itself shows that the contract was bilateral because it imposed duties on both parties. *See* Dkts. 11; 15-1, at 5-34. Moreover, Digitas has offered no support for its halfhearted contention that the express contract is "otherwise unenforceable (such as when it is entered into by an unauthorized agent)." Dkt. 18, at 9 (citing *SignAd, Ltd. v. DW PR/Mktg., Media & Pub. Rels., LLC*, No. 14-20-00042-CV, 2021 WL 865082, at *6 (Tex. App.—Houston [14th Dist.] Mar. 9, 2021, no pet.) (exception to rule that quantum meruit recovery barred where contract covering services at issue "when the contract is unilateral or otherwise unenforceable (such as when it is entered into by an unauthorized agent)").

Because Digitas' quantum meruit claim hinges on whether it is entitled to payment under the master services agreement, and this claim does not fall under one of the exceptions to the general rule barring quasi-contractual claims where there is a valid contract covering the services furnished, the undersigned finds that Digitas' quantum meruit claim is barred, and should be dismissed without prejudice.

## IV.    RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendants' motion to dismiss, Dkt. 15, and **DISMISS** Digitas' complaint **WITHOUT PREJUDICE**.

## V.    WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous,

conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED May 11, 2022.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATGE JUDGE